IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:05CV2868 |
| ) | |
| JOSEPH FLICKINGER, ) | |
| individually and dba ) | |
| AMERICAN FINANCIAL and ) | |
| UNITED AMERICAN WORKFORCE, ) | |
| ) | |
| and ) | |
| ) | |
| EDWARD FLICKINGER, individually ) | |
| and dba FLICKINGER ENTERPRISES-- ) | |
| TAX LAW SPECIALISTS and UNITED ) | |
| AMERICAN WORKFORCE, ) | |
| ) | |
| Defendants. ) | |

**Permanent Injunction By Consent**

Plaintiff, the United States of America, has filed a complaint for permanent injunction against the defendant, Edward Flickinger. Flickinger, without admitting or denying any of the allegations in the complaint except as to jurisdiction, waives the entry of findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure and consents to the entry of this permanent injunction under 26 U.S.C. §§ 7402, 7407, and 7408. Flickinger further waives any right he may have to appeal from this permanent injunction. The parties agree that entry of this permanent injunction neither precludes the Internal Revenue Service from assessing penalties against Flickinger for asserted violations of the Internal Revenue Code nor precludes Flickinger from contesting any such penalties.

NOW, THEREFORE, it is accordingly ORDERED, ADJUDGED AND DECREED that:

1. The Court has jurisdiction over this action under 28 U.S.C. §§ 1340 and 1345 and under 26 U.S.C. §§ 7402 and 7408.

2. The Court finds that Flickinger has neither admitted nor denied the United States' allegations that he has engaged in conduct that is subject to penalty under §§ 6700 and 6701 of the Internal Revenue Code and that interferes with the enforcement of the internal revenue laws.

3. Flickinger and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Order are enjoined under 26 U.S.C. §§ 7402 and 7408 from:

   a. engaging in activity subject to penalty under 26 U.S.C. § 6700, including organizing or selling a plan or arrangement and, in connection with that activity, making a statement regarding the excludibility of income or the securing of any other tax benefit that he knows or has reason to know is false or fraudulent as to any material matter;

   b. Engaging in conduct subject to penalty under 26 U.S.C. § 6701, including preparing or assisting in the preparation of a document related to a matter material to the internal revenue laws that he knows will (if so used) result in an understatement of another person's tax liability;

   c. Engaging in any conduct that interferes with the proper administration and enforcement of the internal revenue laws;

   d. engaging in any other activity subject to penalty under 26 U.S.C. §§ 6700, 6701 or any other penalty provision of the Internal Revenue Code; and

   e. misrepresenting any of the terms of this Order.

4. Flickinger is ordered to mail, at his own expense, a copy of this injunction order within 14 days of the entry of this Order to all persons to whom he gave, sold, or distributed any materials related to the tax schemes set forth in the Complaint, and to all persons who contacted Flickinger, or whom Flickinger contacted (in paper form, via telephone, or through electronic

means), regarding the tax schemes described in the Complaint. Flickinger shall file a certificate of compliance, signed under penalty of perjury, with the Court within 15 days of the entry of this Order.

5. Flickinger shall turn over to the United States within 14 days of the entry of this Order the names, addresses, e-mail addresses, phone numbers, and Social Security numbers of the following: (1) all persons to whom Flickinger gave or sold, directly or indirectly, any materials related to the tax schemes described in the Complaint; (2) all persons who assisted in the marketing or preparation of materials used by Flickinger or written materials sent to potential customers; (3) all persons or entities who purchased or used any other tax shelter, plan, or arrangement in which Flickinger has been involved; and (4) all persons who assisted Flickinger with the schemes set forth in the Complaint.

6. The United States is permitted to engage in post-judgment discovery to ensure

compliance with this permanent injunction.

_____
Edward Flickinger

_____
Michael Pahl
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, DC 20044
202-514-6488
michael.r.pahl@usdoj.gov
Attorney for the United States

_____
James T. Walther
4461 Oberlin Ave. Suite 102
Lorain, OH 44052
440-960-2525
440-960-2530
jtwlaw@centurytel.net
Attorney for Edward Flickinger

SO ORDERED this __1st__ day of __March__, 2006.


_____/s/ John R. Adams_____
John R. Adams
UNITED STATES DISTRICT JUDGE

- 4 -